# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **FREDDIE LOSTON** | **CIVIL ACTION NO. 06-0540** |
| **VS.** | **SECTION P** |
| **WARDEN, ALLEN CORR. CENTER** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on March 23, 2006 by *pro se* petitioner Freddie Loston.[1] Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana, where he is serving a forty-year sentence imposed following a 2002 conviction for manslaughter in the Sixteenth Judicial District Court, St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

---

[1] In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that the pleading of a *pro se* prisoner should be considered filed as of the moment it was delivered to prison officials. *Id.* at 270, 108 S.Ct. at 2382. A bright-line "mailbox rule" for *pro se* prisoners was thereby established. In the absence of any contradictory evidence, the date petitioner signed his pleading should be deemed the date he gave his pleadings to prison officials. The petition was filed on March 29, 2006, however, petitioner signed his pleading on March 23, 2006.

## *Background*

Petitioner was convicted of manslaughter on January 23, 2002, under La. R.S.14:31. On January 29, 2002 he was sentenced to serve twenty years. On March 19, 2002 petitioner was adjudicated a second felony offender under La. R.S. 15:529.1. The original sentence was vacated and he was then sentenced to serve forty years. [doc. 1-3, p. 1]

On some date well beyond the five-day limitation period established by La. C.Cr.P. art. 914, petitioner filed a motion for an out-of-time appeal.[2] On January 7, 2003, the trial court granted this untimely motion; however, on January 27, 2003, the First Circuit Court of Appeals dismissed the appeal as untimely. *State v. Loston*, 02-2595 (La. App. 1 Cir. 1/27/2003) (unpublished). [*id*., p. 2; see also *State of Louisiana v. Freddie Joe Loston*, 2003-0977 (La. App. 1 Cir. 2/23/2004), 874 So.2d 197, 200-201 at fn 2]

On April 14, 2003 petitioner filed an Application for Post-Conviction Relief seeking an out-of-time appeal. On April 17, 2003 the trial court granted relief and petitioner appealed his conviction and sentence to Louisiana's First Circuit Court of Appeals. [*id*.] On appeal petitioner argued five assignments of error: (1) insufficiency of the evidence; (2) the trial court refused to permit the introduction of evidence of specific instances the victim's violent conduct offered to show the defendant's state of mind; (3) the trial court erred in overruling objections to the prosecutor's improper remarks during closing arguments; (4) and (5) excessiveness of sentence.

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

On February 23, 2004, the conviction and sentence were affirmed. *State of Louisiana v. Freddie Joe Loston*, 2003-0977 (La. App. 1 Cir. 2/23/2004), 874 So.2d 197.

On some unspecified date petitioner filed an application for writs in the Louisiana Supreme Court. On September 24, 2004 the Supreme Court denied writs. *State of Louisiana v. Freddie Joe Loston*, 2004-0792 (La. 9/24/2004), 882 So.2d 1167.

On November 11, 2004 petitioner filed an Application for Post-Conviction Relief in the Sixteenth Judicial District Court. On December 8, 2004 the district court denied relief. On December 13, 2004 petitioner filed a notice of intent to seek writs. He apparently thereafter filed his writ application which was assigned docket number 2004-KW-2807. On February 22, 2005 the First Circuit denied writs. [doc. 1-3, p. 2]

On February 28, 2005 petitioner filed a writ application with the Louisiana Supreme Court. That court denied relief on January 27, 2006. *State of Louisiana ex rel. Freddie Loston v. State of Louisiana*, 2005-0946 (La. 1/27/2006), 922 So.2d 541.

### *Claims Presented*

As noted above, petitioner filed his petition for *habeas corpus* on March 23, 2006 raising the following claims for relief:

> 1. Sufficiency of the evidence. [doc. 1-3, p. 5]
>
> 2. Trial court error – specific instances of the victim's violent conduct not allowed as evidence. [*id.*, p. 7]
>
> 3. Trial court error – overruling petitioner's objection to impermissible remarks by the prosecutor. [*id.*, p. 12]
>
> 4 and 5. – Excessive sentence and denial of Motion to Reconsider Sentence [*id.*, p. 13]

      6. Ineffective assistance of counsel who failed to object when petitioner was not present at all stages of the trial. [*id*., p. 14]

      7. Petitioner was not present at all stages of the trial. [*id*., p. 19]

      8. Ineffective assistance of appellate counsel. [*id*., p. 24]

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not timely appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], on or about March 27, 2002.[4] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.) Under 28 U.S.C. § 2244(d)(1) he had one year, or until March 27, 2003 to file his federal *habeas* petition.

Petitioner filed an Application for Post-Conviction Relief seeking an out-of-time appeal on April 14, 2003. However, by that time, the one-year AEDPA limitations period had lapsed. As noted, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in

---

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Tuesday, March 19, 2002. Since Saturday March 23 and Sunday March 24 were legal holidays, the five day period for taking an appeal ended on Tuesday, March 26, 2002.

state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

An argument could be advanced for the proposition that when a Louisiana court grants an out-of-time appeal, the *habeas* petitioner's AEDPA clock is restarted as of the date upon which the out-of-time appeal process has concluded. Stated another way, it can be argued that the petitioner's conviction does not become "final" until the conclusion of the out-of-time appeal process, and, since the one-year limitations period codified at § 2244(d) commences on "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...", a federal *habeas* petitioner has a full year reckoned from the date that the out-of-time appeal process concludes within which to file his petition.

However, the Fifth Circuit Court of Appeals has rejected such an argument. In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *certiorari denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004) the court examined the effects of an out-of-time appeal on the AEDPA's timeliness provisions. Salinas was convicted of murder and sentenced to life imprisonment in a Texas court. Like Louisiana, Texas provides for an appeal of right to an intermediate court of appeals and thereafter, the opportunity to seek discretionary review in Texas' court of last resort, the Court of Criminal Appeals. Salinas's conviction was affirmed by the intermediate court of appeals on July 20, 2000. However, his attorney failed to apply for discretionary review in the Court of Criminal Appeals within the thirty day time period provided by law.

Under Texas law, discretionary review by the Court of Criminal Appeals is considered to be part of the direct review process. The process ends either when discretionary review is denied or when the time for filing the petition for review lapses. Thus, Salinas's judgment of conviction

became final in August, 2000, when he failed to timely file his petition for discretionary review. Under the timeliness provisions of the AEDPA, he had one year, or until August, 2001 to file for federal *habeas* relief. Sometime during the summer of 2001, Salinas filed a state *habeas* application which, under § 2244(d)(2), tolled the limitations period during its pendency. His state *habeas* ceased to be "pending" in March, 2002 when the Court of Criminal Appeals denied relief. At that point, Salinas had only eighteen days remaining of the one-year AEDPA limitations period. Unfortunately, he failed to file his federal *habeas* until late April and it was therefore dismissed as time-barred by the United States District Court in November, 2002.

Meanwhile, and unbeknownst to the District Court, the Texas Court of Criminal Appeals had, in October, 2002, reconsidered Salinas's state *habeas* petition and granted him the right to file an out-of-time petition for discretionary review *sua sponte*.[5]

On appeal, Salinas argued that (1) when Texas' high court granted him the right to file an out-of-time petition for discretionary review, it restored him to the position he was in when he first had the right to seek discretionary review; and, (2) since he still had the right to file for discretionary review, he should be considered to be in the midst of the direct review process; and, (3) therefore, the AEDPA statute of limitations could not have lapsed because the period could begin only on the conclusion of direct review. Or, as this argument was summarized by the Fifth Circuit, "Thus, Salinas argues, his conviction was 'de- finalized,' and the statute of limitations –

---

[5] As noted by the Fifth Circuit, quoting the Texas' Court's order, "The effect of this was to 'return [Salinas] to the point at which he can file a petition for discretionary review .... For the purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of the Court of Criminal Appeals issues.' *Ex Parte Salinas*, No. 74,462 at 2 (Tex. Crim. App. 2002). Thus, under state law, Salinas was restored to the position of a recently convicted felon, eligible to pursue a form of direct review in the Court of Criminal Appeals. " *Salinas v. Dretke*, 354 F.3d at 428.

though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003." *Id.* at 429.

The Fifth Circuit rejected Salinas's argument:

On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See § 2244(d)(2).

Thus, the issue is not whether the Court of Criminal Appeals' action revitalized Salinas's limitations period, but rather whether the existence of that potential relief prevents the limitations period from starting to run until after that level of appeal has been denied. That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an 'out-of-time' PDR is part of the direct or collateral review process. If that relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal. If, on the other hand, an 'out-of-time' PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief.

*Id.* at 429-430 (emphasis supplied).

Thereafter, the Fifth Circuit analyzed Texas law and concluded that the Court of Criminal Appeals was authorized to grant Salinas his out-of-time petition only through the collateral review process of the Texas *habeas* statute.

Thus, the court concluded,

As a result, when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether.... Therefore, because Salinas's right to file the 'out-of-time' PDR is necessarily the product of state habeas review, it does not arise under the 'direct review' procedures of the Texas judicial system. Accordingly, the Court of

Criminal Appeals' granting of Salinas's writ does not alter the fact that limitations set forth in 28 U.S.C. § 2244(d)(1)(A), properly began to run on August 21, 2000, and fully lapsed on March 31, 2002.

*Id.* at 430-431.

This reasoning is applicable to the case at bar. In Louisiana the <u>only</u> mechanism which can be employed to reinstate lapsed appeal rights and thus grant an out-of-time appeal is the Application for Post-Conviction Relief. See *State v. Counterman*, 475 So.2d 336 (1985).[6] In *Counterman*, the Louisiana Supreme Court held:

> La.C.Cr.P. Art. 915 requires the court to order an appeal when a motion for appeal is made in conformity with Articles 912, 914 and 914.1. However, when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. This is not because the trial court has been divested of jurisdiction, as was held in *State v. Braxton*, 428 So.2d 1153 (La.App. 3rd Cir.1983), but because the conviction and sentence became final when the defendant failed to appeal timely.
>
> <u>After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal."</u> *State v. Counterman*, 475 So.2d at 338. (emphasis supplied)

And, concluded the Court, "...<u>the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal</u>, after the delay provided in Article 914 has expired, is an <u>application for post conviction relief</u> pursuant to Articles 924-930.7." *Id.* at 339. (emphasis supplied.)

---

[6] Petitioner discovered this fact when he attempted to reinstate his lapsed appeal rights by a motion. As shown above, the First Circuit rejected this attempt and dismissed his appeal as untimely. *State v. Loston*, 2003-0977 (La. App. 1 Cir. 2/23/2004) 874 So.2d at 200-201.

In this case, petitioner's out-of-time appeal was only granted after he asserted his claims through Louisiana's collateral review process and an Application for Post-Conviction Relief. Petitioner, like Mr. Salinas, was not thereby entitled to have his conviction "de-finalized."

Petitioner's pleadings and exhibits do not suggest that the reckoning periods provided in § 2244(d)(1)(B), (C), or (D) should apply. He has alleged no state created impediment to filing the present application.[7] His claims for relief do not rest on newly recognized constitutional rights, nor on newly discovered facts.

Nor do there exist extraordinary circumstances such as to warrant the application of equitable tolling thus exempting petitioner's claims from dismissal under §2244(d)(1). The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently

---

[7] Petitioner's ineffectual Motion for Out-of-Time Appeal which was ultimately dismissed as untimely cannot be considered as a "properly filed application for State post-conviction or other collateral review..." as defined by §2244(d)(2) so as to toll the limitations period established by §2244(d)(1). See *Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005), *rehearing denied* (Jun 20, 2005)(An untimely state post-conviction petition is not "properly filed," for purpose of statutory tolling provision of the AEDPA limitations period. Time limits, no matter their form, are "filing" conditions. If a state court rejects a habeas petitioner's petition as untimely, it is not "properly filed," and the petitioner is therefore not entitled to statutory tolling under § 2244(d)(2).) Compare also *Myers v. Cain*, 2001 WL 1218763 at *4 (E.D.La., 2001), and cases cited therein; *Leonard v. Hubert,* 2001 WL 333123 at *5 (E.D. La.,2001)

'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under §2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error. See,**

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      Signed in chambers on June 26, 2006.

                                    Mildred E. Methvin
                                    United States Magistrate Judge
                                    800 Lafayette St., Suite 3500
                                    Lafayette, Louisiana 70501
                                    (337) 593-5140 (phone) 593-5155 (fax)